**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4689**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BON ALEXANDER STROUPE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00221)

Submitted:  October 18, 2007          Decided:  October 22, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven T. Meier, MALONEY AND MEIER, L.L.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bon Alexander Stroupe pled guilty to charges of conspiracy to manufacture and possession with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (2000) (Count 1), and possession of pseudoephedrine, with the intent to manufacture methamphetamine, and aiding and abetting same, in violation of 21 U.S.C. § 841(c) (2000), 18 U.S.C. § 2 (2000) (Count 2). The district court sentenced Stroupe to 181 months' imprisonment, four years of supervised release on Count 1 and three years of supervised release on Count 2, to run concurrently, and ordered payment of a $200 statutory assessment.[*] Stroupe's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Stroupe was properly determined to be a career offender. Stroupe was given an

---

[*]The probation officer calculated an advisory sentencing guideline range for Stroupe of 188 to 235 months' imprisonment, founded on a total offense level of 31 (after application of an enhancement pursuant to U.S. Sentencing Guideline Manual "USSG" § 4B1.1 (2005), and a three-level downward adjustment for acceptance of responsibility pursuant to USSG §§ 3E1.1(a), (b)), and a criminal history category of VI. After careful consideration of the facts and evidence, the district court made all the factual findings appropriate for that determination and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), prior to imposing sentence. While the district court determined that the low end of the guidelines range was appropriate, it then reduced Stroupe's sentence to 181 months based on time served in state prison.

opportunity to file a pro se brief, but has failed to do so, despite two extensions of time, the latter of which expired on May 30, 2007.

While Stroupe challenges the use of prior breaking and entering convictions as the predicate offenses used to support his career offender status, he failed to offer any evidence to support his conclusory assertion that it is "entirely possible" that the homes into which he was convicted of breaking and entering were not occupied. We find that the district court properly sentenced Stroupe as a career offender. See United States v. Raynor, 939 F.2d 191 (4th Cir. 1991) (prior conviction for breaking and entering constitutes predicate crime of violence offense for purposes of career offender classification where offense involved a residence, even if then currently unoccupied, where substantial risk that physical force against person or property of another may be used in committing the offense); see also USSG § 4B1.2.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Stroupe's conviction and sentence. We deny Stroupe's motion to relieve his attorney at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>